UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Case No.: 2:10-cr-0577-GMN-RJJ-1 |
| vs. ) | |
| ) | **<u>ORDER</u>** |
| TERRELL LAMAR MCBRIDE, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Pending before the Court is Defendant Terrell Lamar McBride's Motion to Vacate under 28 U.S.C. § 2255 (ECF No. 89.) The Government filed a Response (ECF No. 92) and the Defendant filed a Reply (ECF No. 98.) The Defendant also filed a Supplement (ECF No. 99) to which the Government did not object or respond.

**I.      BACKGROUND**

The Defendant pled guilty to Armed Bank Robbery, 18 U.S.C. § 2113(a), (d), and Possession, Use and Carrying Firearm During, in Relation to, and in Furtherance of a Crime of Violence (bank robbery), 18 U.S.C. § 924(c)(1)(A). (ECF Nos. 50, 51.) He was sentenced to 47 months for the Armed Bank Robbery with a consecutive term of 84 months for the Possession, Use and Carrying Firearm During, in Relation to, and in Furtherance of a Crime of Violence. (ECF No. 61.) The written Plea Agreement signed by the Defendant contained a waiver of any claims under 28 U.S.C. § 2255 except for non-waivable claims of ineffective assistance of counsel. (Plea Agreement p. 6, ECF No. 50.)

**II.     ISSUES**

The Defendant essentially claims his trial counsel was ineffective for failing to explain to him that a possible seven-year mandatory minimum sentence could be imposed instead of a

five-year mandatory minimum sentence and for failing to advise him that he could file a supplement to the *Anders* brief.  The Defendant also claims the Indictment was deficient, the Court failed to properly advise him during his plea hearing, and the Government violated its plea agreement when it requested the Court apply the seven-year mandatory minimum.

More specifically, the Defendant claims in Ground One of his motion that his trial counsel was ineffective because his counsel advised him of the correct statutory minimum sentence for his pleas. (Ground One p. 1, Attachment A to Motion to Vacate, ECF No. 89.)   He also claims that the Court did not make clear at his Plea Hearing which mandatory minimum applied. (*Id.*)  The Defendant further claims the Court failed to inform him of the elements of "brandishing" a firearm. (*Id*. at 2.)  Finally, the Defendant claims that but for his appellate counsel's failure to raise the Court's error on direct appeal, the outcome would have been different. (*Id.*)

In Ground Two, the Defendant claims his appellate counsel was ineffective for failing to advise him that he could file a supplemental brief. (Ground Two p. 1, Attachment B to Motion to Vacate, ECF No. 89.)  The Defendant explains that he would have filed a brief arguing that any fact that increases the statutory mandatory minimum penalty must be charged in the indictment and proved to the jury beyond a reasonable doubt. ( *Id.*)

In Ground Three, the Defendant claims that because "brandishing a firearm" constituted a new aggravated crime, each element should have been charged in the Indictment and the Government violated the Plea Agreement by requesting a sentence outside the scope of the Indictment. (Ground Three p. 1, Attachment C to Motion to Vacate, ECF No. 89.)  He contends that the resulting sentence is a miscarriage of justice. (*Id.*)

In Ground Four, the Defendant simply claims that his trial counsel was ineffective for advising him that he faced "only" a five-year mandatory minimum and that with such knowledge he would have gone to trial. (Motion to Vacate p. 8, ECF No. 89.)

## III. LEGAL STANDARDS

### a. Ineffective Assistance of Counsel

To establish a claim for ineffective assistance of counsel, a defendant must first show that counsel's conduct was not "within the range of competence demanded of attorneys in criminal cases." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Second, a petitioner must also show that he was prejudiced by that incompetent conduct. *See Id.* at 692.

Under this standard, the question is whether "counsel's representation fell below an objective standard of reasonableness," and the Court's inquiry begins with a "strong presumption that counsel's conduct [falls] within the wide range of reasonable representation." *United States v. Ferreira-Alameda*, 815 F.2d 1251, 1253 (9th Cir. 1987) (as amended) (citations omitted). The Supreme Court recently explained that courts evaluating ineffective assistance claims "must apply a strong presumption that counsel's representation was within the wide range of reasonable professional assistance" and that a petitioner must show that "counsel made errors so serious that counsel was not functioning as the counsel guaranteed the defendant by the Sixth Amendment." *Harrington v. Richter*, 131 S. Ct. 770, 787 (2011) (internal citations and quotations omitted). Accordingly, "the standard for judging counsel's representation is a most deferential one[1]… the attorney observed the relevant proceedings, knew of materials outside the record, and interacted with the client, with opposing counsel, and with the judge." *Id.* at 788. Petitioner must also demonstrate that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.

### b. Guilty Plea Waiver

The Ninth Circuit enforces valid appeal waivers. *United States v. Bibler*, 495 F.3d 621,

---

[1] Despite the fact that the Court in *Harrington* was addressing a § 2254 case and the deference a federal court must use when reviewing a state court's decision, the Court expressly provided that this description of the *Strickland* analysis was to be applied when conducting a *de novo* review.

623-24 (9th Cir. 2007); *see also United States v. McBride*, 505 F. App'x 640 (9th Cir. 2013) *cert. denied*, 133 S. Ct. 2380 (2013) *reh'g denied*, 134 S. Ct. 31 (2013) (dismissing McBride's appeal based upon appeal waiver).

### c. Evidentiary Hearing

"The district court may deny a section 2255 motion without an evidentiary hearing only if the movant's allegations, viewed against the record, either do not state a claim for relief or are so palpably incredible or patently frivolous as to warrant summary dismissal." *United States v. Burrows*, 872 F.2d 915, 917 (9th Cir. 1989). "No evidentiary hearing is necessary when the issue of credibility can be conclusively decided on the basis of documentary testimony and evidence in the record." *Shah v. United States*, 878 F.2d 1156, 1160 (9th Cir. 1989).

### d. When a Firearm is "Brandished"

Title 18 of the United States Code § 924(c)(1)(D)(4) provides a five-year mandatory minimum term of custody as punishment unless a firearm was brandished in which case a seven-year mandatory minimum applies. Section 924(c)(1)(D)(4) defines brandishing as follows:

> For purposes of this subsection, the term "brandish" means, with respect to a firearm, to display all or part of the firearm, or otherwise make the presence of the firearm known to another person, in order to intimidate that person, regardless of whether the firearm is directly visible to that person.

## IV. DISCUSSION

The Defendant initially intended to enter a plea of guilty without a written plea agreement and the canvass during the plea hearing proceeded accordingly. (ECF Nos. 51, 80.) However, when the Court began asking counsel questions designed to explore whether the Defendant has received effective assistance of counsel during plea negotiations, pursuant to *Lafler v. Cooper*, 132 S. Ct. 1376 (2012) and *Missouri v. Frye*, 132 S. Ct 1399 (2012), counsel for the Government misspoke and represented that the rejected plea offer included a promise

from the Government that they would recommend the low end of the guideline range at sentencing. *Id*. Upon hearing this option, the Defendant who was previously going to plead guilty without any promises, suddenly indicated he was willing to accept the written plea offer. *Id*. Upon review of the previously rejected written plea agreement, the Government realized that the promise to recommend the low end of the guidelines was a new term and never was part of the initial offer. *Id*. However, the Government ultimately determined the new term was actually a reasonable one, and the Court continued the plea hearing until later in the afternoon so that the Government could attempt to obtain permission to add the new term to the previous plea offer. *Id*.

Later that same afternoon, the Defendant pled guilty to a new written plea agreement, which included the additional promise by the Government to recommend the low end of the guideline range. (ECF No. 51.) The written Plea Agreement also included the previous standard waiver of appeal.

### a. Guilty Plea Waiver

The Defendant claims that the Court did not make clear at his Plea Hearing which of the two mandatory minimum sentences applied and that the Court failed to inform him of the elements of "brandishing" a firearm. The Defendant also claims that because "brandishing a firearm" constituted a new aggravated crime, each element should have been charged in the Indictment and the Government violated the Plea Agreement by requesting a sentence outside the scope of the Indictment. He explains that the resulting sentence is a miscarriage of justice. However, the Defendant has failed to demonstrate that the Court was required to provide such information, that the Indictment was deficient or that the Government violated the Plea Agreement.

Furthermore, the Defendant waived his right to appeal his conviction pursuant to 18 U.S.C. § 924(c). The Defendant signed a written Plea Agreement which included a waiver of

appeal:

> In exchange for the concessions made by the United States in this plea agreement, Defendant knowingly and expressly waives the right to appeal the conviction and any sentence that is imposed within the applicable sentencing guideline range as contemplated by the parties, further waives the right to appeal the manner in which that sentence was determined on the grounds set forth in Title 18, United States Code, Section 3742, waives all collateral challenges, including any claims under 28 U.S.C. § 2255, to his conviction, sentence and the procedure by which the court adjudicated guilt and imposed sentence, except non-waivable claims of ineffective assistance of counsel, and further waives the right to appeal any other aspect of the conviction or sentence.

(Plea Agreement p. 6, ECF No. 50.)

In this written Plea Agreement, the Defendant conditionally waived his right to file a direct appeal of his sentence: "Defendant retains only the right to appeal a term of imprisonment imposed above the sentencing guideline range in Paragraph C as contemplated by the parties." (*Id.*). Section C of the Plea Agreement specifically mentioned that either the five-year or the seven-year mandatory minimum sentence could be imposed. (*Id.* at 4) ("Defendant may argue that a term of five (5) consecutive years should be imposed and the government may argue that a term of seven (7) consecutive years should be imposed because Defendant brandished the firearm during the offense.").

During the Plea Hearing, the Government summarized the terms of the Plea Agreement including the appeal waiver and the Court asked both the Defendant and his counsel if they agreed with those representations:

> MS. BROWN: ….The defendant, in consideration for the concessions made by the United States, knowingly and expressly waives the right to appeal the conviction, and any sentence imposed within the applicable Sentencing Guideline range, as contemplated by the parties. The defendant is retaining only the right to appeal the term of imprisonment imposed above the sentencing guideline range, in paragraph C, as contemplated by the parties. He's waiving everything except nonwaivable claims of ineffective assistance of counsel.
> Those are the critical terms of the agreement.
> THE COURT: Okay. Do you agree, Mr. Bowers?
> MR. BOWERS: Yes, Your Honor.

> THE COURT: Mr. McBride, does that sound like what you thought you were signing?
> DEFENDANT MCBRIDE: Yes, ma'am.
> THE COURT: Okay. Do you have any questions or any reservations at this point?
> DEFENDANT MCBRIDE: No, ma'am.

(Transcript of Plea Hearing p. 34-35, ECF No. 80.) Not only did the Defendant agree that the terms were properly summarized, the Defendant indicated he had no questions or reservations. (*Id.*)

Accordingly, this Court finds that the Defendant's waiver was valid. The Defendant retained only the right to appeal the term of imprisonment imposed above the sentencing guideline range, in paragraph C. As the possible imposition of the seven-year mandatory minimum was expressly included in Section C, the Defendant waived the right to challenge the imposition of the mandatory seven-year sentence.

### b. <u>Ineffective Assistance of Counsel</u>

#### *1. Trial Counsel*

The Defendant claims his trial counsel was ineffective for failing to explain to him before he pled guilty to the § 924(c) offense that a seven-year mandatory minimum sentence could be imposed instead of the five-year mandatory minimum sentence and that with such knowledge he would have gone to trial. However, as noted by the Government in its Response (ECF No. 92) the question of whether the five or seven-year minimum applied was an issue that was identified, discussed and addressed both when the Defendant was initially going to enter a plea of guilty without a plea agreement and again later when the parties agreed to enter into a written plea agreement that expressly addressed the same precise issue. Defendant's claims of ignorance are simply belied by the record.

Congress codified the punishment for possessing, using, carrying a firearm during and relation to any crime of violence in 18 U.S.C. § 924(c) as follows:

> **(A)** Except to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law, any person who, during and in relation to any crime of violence or drug trafficking crime (including a crime of violence or drug

> trafficking crime that provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime—
> **(i)** be sentenced to a term of imprisonment of not less than 5 years;
> **(ii)** if the **firearm is brandished**, be sentenced to a term of imprisonment of not less than 7 years; and
> **(iii)** if the firearm is discharged, be sentenced to a term of imprisonment of not less than 10 years.

(emphasis added).  18 U.S.C. § 924(c)(1)(D)(4) defines brandishing as follows:

> For purposes of this subsection, the term "**brandish**" means, with respect to a firearm, to display all or part of the firearm, or otherwise make the presence of the firearm known to another person, in order to intimidate that person, regardless of whether the firearm is directly visible to that person.

(emphasis added).

As stated above, the Court's inquiry begins with a "strong presumption that counsel's conduct [falls] within the wide range of reasonable representation." *United States v. Ferreira-Alameda*, 815 F.2d 1251, 1253 (9th Cir. 1987) (as amended) (citations omitted).  A defendant must show that "counsel made errors so serious that counsel was not functioning as the counsel guaranteed the defendant by the Sixth Amendment." *Harrington*, 131 S. Ct. at 787 (internal citations and quotations omitted).  Accordingly, "the standard for judging counsel's representation is a most deferential one" because "the attorney observed the relevant proceedings, knew of materials outside the record, and interacted with the client, with opposing counsel, and with the judge." *Id.* at 788.

During the portion of the Plea Hearing conducted prior to the Defendant accepting and signing the Plea Agreement, the Government explained there was a difference of opinion regarding which mandatory minimum term applied as the parties did not agree on whether the firearm was brandished. (Plea Hearing Transcript p. 10-13, ECF No. 80.)  Therefore, it is clear that the issue now raised by the Defendant was previously identified by defense counsel and

discussed with the Defendant in a timely manner.

The Defendant must also demonstrate that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.  In this case, the Defendant had previously chosen to waive his trial and plead guilty without a plea agreement despite the possibility that he might receive a consecutive seven-year rather than a five-year mandatory minimum sentence.  Furthermore, the transcript of the Plea Hearing justifies the imposition of the seven-year mandatory minimum sentence.  It clearly demonstrates that the Defendant made the fact that he possessed a firearm known to another person, the bank teller, when he provided her with a note that read, "I have a pistol.  Count me out fifty, $100 bills out the drawer now."  The Defendant admitted this to law enforcement upon apprehension and was found to possess an identical note.

> THE COURT: Okay. So just tell me in your own words -- I know that it's written in the Plea Agreement.  I have that copy, too -- just tell me, in your own words, what it is it that you did that is causing you to plead guilty today.
> DEFENDANT MCBRIDE: I went inside the Wells Fargo Bank, handed them a note with a -- and I had a pistol on me.  And the lady didn't give me no money, and I turned around and left.
> THE COURT: Okay. When did this happen? Was this this year?
> DEFENDANT MCBRIDE: Yes -- last year, November 19th.
> THE COURT: Okay.  And the Wells Fargo that you entered, was that here in Las Vegas, Nevada?
> DEFENDANT MCBRIDE: Yes, ma'am.
> THE COURT: Okay.  Do you remember what was written on that note?
> DEFENDANT MCBRIDE: Yes, ma'am. "I have a pistol.  Count me out fifty, $100 bills out the drawer now."  Yes, ma'am, that's what it was.
> THE COURT: Okay.  So it was fifty, $100 bills is what you were looking for?
> DEFENDANT MCBRIDE: Yes, ma'am.
> THE COURT: Okay.  And when you were arrested, did you have a duplicate copy of that same note?
> DEFENDANT MCBRIDE: Yes, ma'am.  It was my rough draft.
> THE COURT: Okay. And you also had on your possession the pistol?
> DEFENDANT MCBRIDE: Yes, ma'am. Yes, ma'am.
> THE COURT: Okay.  Was that a .38 caliber revolver?
> DEFENDANT MCBRIDE: .38; yes, it was.  Yes, ma'am.
> THE COURT: Okay.  And was it loaded?
> DEFENDANT MCBRIDE: Yes, ma'am.

>THE COURT: Okay.  And do you have any reason to doubt that Wells Fargo was insured by FDIC, by the Federal Deposit Insurance Corporation?
>DEFENDANT MCBRIDE: No.  It was insured.
>MR. BOWERS: We'll stipulate, Your Honor, that Wells Fargo is an insured institution.
>THE COURT: Okay.  Ms. Brown, are there any other questions you need me to ask to fulfill the factual basis of the plea?
>MS. BROWN: No, Your Honor.  I think that's sufficient.  Thank you.

(Plea Hearing Transcript p. 39-41, ECF No. 80.)

Finally, the transcript of the Sentencing Hearing demonstrates that defense counsel exhausted the possibility of raising an arguable position to prevent the imposition of the seven-year mandatory minimum.

>MR. BOWERS (Defense Counsel): Ms. Brown and I -- initially, I was pretty skeptical that this had been charged properly, and this was an issue.  I think the reason we see that term in the Plea Agreement is we were still going back and forth on this, but we looked at significant case law.  We exchanged cases.  We argued about it.  I sent a rather detailed letter to Mr. McBride, which I think he then sent to the Court for some reason.  I guess I'm just trying to assure the Court that, you know, shy of litigating it, because I don't -- ultimately was convinced that position didn't have merit, we thrashed through this issue at some length.  So for what that's worth, it wasn't – that's why that term was in there.  And it wasn't casually that we ended up agreeing that it was a seven-year, not a five-year.
>THE COURT: Okay.
>MS. BROWN: Oh, so we are in agreement?
>MR. BOWERS: Yeah.
>MS. BROWN: Okay, because the Plea Agreement doesn't really say that --
>MR. BOWERS: Yeah, that's that term of -- because we hadn't finished that process.
>MS. BROWN: Okay.
>MR. BOWERS: But, yes, so that's why nothing further was filed on it because I don't think our position has merit.

(Sentencing Transcript p. 21-25, ECF No. 81.)

The Defendant fails to demonstrate prejudice.  The Defendant has not explained how he was misinformed, uninformed, or could have reasonably received a five-year mandatory minimum sentence if he had proceeded to trial or pled guilty without a plea agreement and

preserved his right to appeal the issue. Accordingly, this Court finds that the Defendant's claims in Ground One that his trial counsel was ineffective by advising him that he faced a statutory minimum sentence of only five years is not supported by the record.

### *2. Appellate Counsel*

The Defendant claims his appellate counsel was ineffective for failing to appeal the Court's errors related to the imposition of the seven-year mandatory minimum sentence on the § 924(c) firearm conviction and failed to advise him that he could file a supplement to the *Anders* brief. However, the Defendant has failed to demonstrate that he retained the right to the effective assistance of counsel for the purpose of appealing the application of the seven-year mandatory minimum.

As such, regardless whether appellate counsel was ineffective or not, the Defendant has failed to demonstrate how he was prejudiced by the performance of appellate counsel in regards to the application of the seven-year mandatory minimum when he did not even retain the right to appeal the issue. The Defendant explains that he would have filed a supplemental brief arguing that any fact that increases the statutory mandatory minimum penalty must be charged in the indictment and proved to the jury beyond a reasonable doubt. However, the Defendant fails to provide any legal support for his bare assertion. Finally, even if the Defendant had filed a supplemental brief, there is no indication that the Ninth Circuit would have entertained it when the Ninth Circuit dismissed the appeal filed by appellate counsel based on the waiver of appeal in his written Plea Agreement. *McBride*, 505 F. App'x 640.

### c. **Evidentiary Hearing**

The Court finds that an evidentiary hearing is not required because the issues raised by the Defendant were waived, his allegations, viewed against the record, do not state a claim for relief and warrant summary dismissal. *Burrows*, 872 F.2d at 917. The issues can be conclusively decided on the basis of documentary testimony and evidence in the record." *Shah*,

878 F.2d at 1160.

## V. CERTIFICATE OF APPEALABILITY

In order to proceed with any appeal, a defendant must receive a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22-1; *Allen v. Ornoski*, 435 F.3d 946, 950-951 (9th Cir. 2006); *see also United States v. Mikels*, 236 F.3d 550, 551-52 (9th Cir. 2001). Generally, a petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a certificate of appealability. *Id.*; 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). "The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* (quoting *Slack*, 529 U.S. at 484). In order to meet this threshold inquiry, the Defendant has the burden of demonstrating that the issues are debatable among jurists of reason; that a court could resolve the issues differently; or that the questions are adequate to deserve encouragement to proceed further. *Id.*

Pursuant to the December 1, 2009 amendment to Rule 11 of the Rules Governing Section 2254 and Section 2255 Cases, district courts are required to address the issue and rule on the certificate of appealability in the Order disposing of a proceeding adversely to the petitioner or movant, rather than waiting for a notice of appeal and request for certificate of appealability to be filed. Rule 11(a). This Court has considered the issues raised by petitioner, with respect to whether they satisfy the standard for issuance of a certificate of appealability, and determines that none of the issues meet that standard. The Court will therefore deny petitioner a certificate of appealability.

## VI. CONCLUSION

**IT IS HEREBY ORDERED** that the Defendant's Motion to Vacate under 28 U.S.C. § 2255 (ECF No. 89) is **DENIED**.

/ / /

**IT IS FURTHER ORDERED** that petitioner is **DENIED A CERTIFICATE OF APPEALABILITY**.

**DATED** this 9th day of April, 2014.

_____
Gloria M. Navarro, Chief Judge
United States District Judge