**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent/Plaintiff, ) | Case No.: 2:10-cr-00577-GMN-RJJ |
| vs. ) | |
| ) | **ORDER** |
| TERRELL LAMAR MCBRIDE, ) | |
| ) | |
| Petitioner/Defendant. ) | |
| ) | |
| ) | |

Pending before the Court is Petitioner Terrell McBride's ("Petitioner's") Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 ("2255 Motion"), (ECF No. 108). The Government filed a Response, (ECF No. 111), and Petitioner filed a Reply, (ECF No. 113). For the reasons stated below, the Court **DENIES** Petitioner's 2255 Motion.

**I.    BACKGROUND**

On September 8, 2011, Petitioner pleaded guilty to Counts 1 and 2 of the Superseding Indictment: (1) Armed Bank Robbery, in violation of 18 U.S.C. § 2113(a) and (d); and (2) Possession, Use, and Carrying of a Firearm During and in Relation to a Crime of Violence, in violation of 18 U.S.C. § 924(c). (Mins. Proceedings, ECF No. 51); (J., ECF No. 61). The Court sentenced Petitioner to 47 months custody for Count 1, and 84 months custody for Count 2, to run consecutively to one another, for a total of 131 months. (J., ECF No. 61).

On December 14, 2011, Petitioner appealed his sentence to the Ninth Circuit Court of Appeals, (Notice Appeal, ECF No. 62), which the circuit dismissed based on appellate waivers made in Petitioner's guilty plea. (Mem. USCA, ECF No. 84). Petitioner thereafter filed his first motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, (ECF No. 89). The Court denied that motion on April 9, 2014. (Order, ECF No. 100).

On May 25, 2016, Petitioner filed a motion for relief based on the US Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551, 2557 (2015). (Mot. Relief, ECF No. 101). The Court accordingly appointed the Federal Public Defender's Office ("FPD") to determine whether Petitioner qualified for relief under *Johnson*, and whether he could proceed with a second motion pursuant to 28 U.S.C. § 2255. (Min. Order, ECF No. 102). Petitioner, assisted by the FPD, thereafter filed a second motion to vacate his sentence pursuant to § 2255, (ECF No. 105), after receiving authorization to proceed from the Ninth Circuit Court of Appeals. (*See* USCA Order, ECF No. 107); (2255 Motion, ECF No. 108).

## II. <u>LEGAL STANDARD</u>

Under 28 U.S.C. § 2255, a petitioner may file a motion requesting the Court which imposed sentence to vacate, set aside, or correct the sentence. 28 U.S.C. § 2255(a). Such a motion may be brought on the following grounds: "(1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack." *Id.*; *see United States v. Berry*, 624 F.3d 1031, 1038 (9th Cir. 2010). When a petitioner seeks relief pursuant to a right newly recognized by a decision of the United States Supreme Court, a one-year statute of limitations applies. 28 U.S.C. § 2255(f)(3). That one-year limitation begins to run from "the date on which the right asserted was initially recognized by the Supreme Court." *Id.* § 2255(f)(3).

## III. <u>DISCUSSION</u>

Petitioner argues that his sentence for Count 2 of the Superseding Indictment for Possession, Use, and Carrying of a Firearm During and in Relation to a Crime of Violence arose under an unconstitutionally vague provision of 18 U.S.C. § 924(c). (2255 Motion at 3:2–7, ECF No. 108). Title 18 U.S.C. § 924(c) criminalizes the use or carrying of a firearm in relation to a "crime of violence," and it imposes mandatory minimum sentences that must run

consecutive to any other sentence. An offense may qualify as a crime of violence under § 924(c) through either of two clauses: § 924(c)(3)(A) or § 924(c)(3)(B). Section 924(c)(3)(A), also known as the statute's "force clause," applies if an individual is convicted of a predicate crime that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." By contrast, § 924(c)(3)(B), known as the "residual clause" of the statute, is much broader; it applies if the individual is convicted of any predicate felony offense "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." The US Supreme Court recently invalidated § 924(c)(3)(B) after holding that its language is unconstitutionally vague. *See United States v. Davis*, No. 18-431, 2019 WL 2570623, at *13 (U.S. June 24, 2019). However, the force clause, § 924(c)(3)(A), has not been deemed unconstitutional.

Petitioner argues that his sentence based on Count 2 of the Indictment violates due process because the Court imposed it under the unconstitutionally vague residual clause, 18 U.S.C. § 924(c)(3)(B). (2255 Motion at 2–28, ECF No. 120-1). To make that argument, Petitioner points to his predicate offense of Armed Bank Robbery in violation of 18 U.S.C. § 2113. (2255 Motion 13:22–20:12). He claims that Armed Bank Robbery is not a crime of violence by its elements, and thus his sentence enhancement for that predicate crime under 924(c) must have arisen from the unconstitutional residual clause. (*Id.* at 23).

The Ninth Circuit in *United States v. Watson*, 881 F.3d 782, 786 (9th Cir.), cert. denied, 139 S. Ct. 203, 202 L. Ed. 2d 139 (2018), cert. denied, 138 S. Ct. 1602, 200 L. Ed. 2d 785 (2018), rejected the same arguments made by Petitioner when it held that federal armed bank robbery constitutes a crime of violence by its elements. 881 F.3d at 786. Petitioner's conviction for Armed Bank Robbery therefore implicates the force clause, 18 U.S.C. § 924(c)(3)(A), not the unconstitutional residual clause—rendering him ineligible for relief on the grounds argued in his 2255 Motion.

To proceed with an appeal of this Order, Petitioner must receive a certificate of appealability from the Court. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22-1; *Allen v. Ornoski*, 435 F.3d 946, 950-951 (9th Cir. 2006); *see also United States v. Mikels*, 236 F.3d 550, 551–52 (9th Cir. 2001). This means that Petitioner must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). He bears the burden of demonstrating that the issues are debatable among jurists of reason; that a court could resolve the issues differently; or that the questions are adequate to deserve encouragement to proceed further. *Slack*, 529 U.S. at 483–84.

The Court has considered the issues raised by Petitioner, with respect to whether it satisfies the standard for issuance of a certificate of appealability, and determines that the issues do not meet that standard. The Court will therefore deny Petitioner a certificate of appealability.

**IV.　CONCLUSION**

**IT IS HEREBY ORDERED** that Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255, (ECF No. 108), is **DENIED**.

**IT IS FURTHER ORDERED** that a Certificate of Appealability is **DENIED**.

**DATED** this __8__ day of July, 2019.

_____
Gloria M. Navarro, Chief Judge
United States District Court