**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Case No.: 2:10-cr-00577-GMN-RJJ |
| vs. ) | |
| ) | **ORDER** |
| TERRELL LAMAR MCBRIDE, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |

Pending before the Court is pro se Defendant Terrell McBride's ("Defendant") Motion, (ECF No. 125), which Defendant styles as a "Motion for Summary Disposition."

Also pending before the Court is the Government Motion to Dismiss, (ECF No. 128), Defendant's Motion. For the reasons stated below, the Government's Motion is **GRANTED**, and Defendant's Motion is **DISMISSED**.

**I.     BACKGROUND**

On September 8, 2011, Defendant pleaded guilty to Counts 1 and 2 of the Superseding Indictment: (1) Armed Bank Robbery, in violation of 18 U.S.C. § 2113(a) and (d); and (2) Possession, Use, and Carrying of a Firearm During and in Relation to a Crime of Violence, in violation of 18 U.S.C. § 924(c). (Mins. Proceedings, ECF No. 51); (J., ECF No. 61). The Court sentenced Defendant to 47 months' custody for Count 1, and 84 months' custody for Count 2, to run consecutively to one another, for a total of 131 months. (J., ECF No. 61).

On December 14, 2011, Defendant appealed his sentence to the Ninth Circuit Court of Appeals, (Notice Appeal, ECF No. 62), which the circuit dismissed based on appellate waivers made in Defendant's guilty plea. (Mem. USCA, ECF No. 84). Defendant thereafter filed his

first motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, (ECF No. 89).  The Court denied that motion on April 9, 2014. (Order, ECF No. 100).

On May 25, 2016, Defendant filed a motion for relief based on the U.S. Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551, 2557 (2015). (Mot. Relief, ECF No. 101).  The Court accordingly appointed the Federal Public Defender's Office ("FPD") to determine whether Defendant qualified for relief under *Johnson*, and whether he could proceed with a second motion pursuant to 28 U.S.C. § 2255. (Min. Order, ECF No. 102).  Defendant, assisted by the FPD, thereafter filed a second motion to vacate his sentence pursuant to § 2255, (ECF No. 105), after receiving authorization to proceed from the Ninth Circuit Court of Appeals. (*See* USCA Order, ECF No. 107); (2255 Motion, ECF No. 108).  On July 8, 2019, the Court denied Defendant's 2255 motion. (Order, ECF No. 123).

On February 21, 2020, Defendant filed the instant pro se Motion, (ECF No. 125), seeking summary disposition.  On July 1, 2020, this Court noted that four months had passed since the filing of Defendant's Motion, no counsel had appeared for Defendant, and thus ordered the Government to respond to Defendant's pro se Motion. (Min. Order, ECF No. 127). The Government now moves to dismiss Defendant's Motion for Summary Disposition as an unauthorized successive 28 U.S.C. § 2255 motion because Defendant filed it without certification from the Ninth Circuit Court of Appeals. (Mot. Dismiss at 3, ECF No. 127).

II.  **LEGAL STANDARD**

Under 28 U.S.C. § 2255, a defendant may file a motion requesting the Court which imposed sentence to vacate, set aside, or correct the sentence. 28 U.S.C. § 2255(a).  "A petitioner is generally limited to one motion under § 2255, and may not bring a second or successive motion unless it meets the exacting standards of 28 U.S.C. § 2255(h)." *United States v. Washington*, 653 F.3d 1057, 1059 (9th Cir. 2011) (quotations omitted). "This section provides that such a motion cannot be considered unless it has first been certified by the court

of appeals to contain either '(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense,' or '(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.'" *Id.* (quoting § 2255(h)).

## III. DISCUSSION

In his Motion, Defendant seeks relief pursuant to 28 U.S.C. § 2255(f)(1) or (f)(3). (Def.'s Mot. at 1, ECF No. 125). Defendant claims that he is being held in violation of the Constitution and seeks the type of relief that 28 U.S.C. § 2255 would give this Court the power to grant. (*See id.* at 1–4). As such, the Government argues, and the Court agrees, that Defendant's instant Motion is indeed a Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 ("2255 Motion"). (Mot. Dismiss at 3, ECF No. 128). Because Defendant filed his first 2255 motion in 2013, (ECF No. 89), and a second 2255 motion in 2016, (ECF Nos. 101, 108), the instant Motion, (ECF No. 125), is a successive 2255 motion.

The Ninth Circuit has held that "[a] second or successive § 2255 petition may not be considered by the district court unless petitioner obtains a certificate authorizing the district court to do so." *Alaimalo v. United States*, 645 F.3d 1042, 1054 (9th Cir. 2011) (citing 28 U.S.C. § 2255(h)). To date, Defendant has not obtained any such certificate from the Ninth Circuit Court of Appeals authorizing Defendant to file a successive § 2255 motion. Accordingly, this Court is without jurisdiction to entertain Defendant's successive (albeit disguised) § 2255 Motion. *See Washington*, 653 F.3d at 1059 (noting that "petitioners often attempt to characterize their motions in a way that will avoid the strictures of § 2255(h)"). Defendant's Motion is therefore **DISMISSED**. Further, the Government's Motion to Dismiss is **GRANTED**.

IV. **CONCLUSION**

**IT IS HEREBY ORDERED** that the Government's Motion to Dismiss, (ECF No. 128), is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255, (ECF No. 125), is **DISMISSED** as an unauthorized successive § 2255 motion.

**DATED** this  11  day of August, 2020.

_____
Gloria M. Navarro, District Judge
United States District Court