# FILED UNDER SEAL

Prob12C
D/NV Form
Rev. March 2017

## United States District Court
## for
## the District of Nevada

**PETITION FOR WARRANT**
**FOR OFFENDER UNDER SUPERVISION**

Name of Offender: **Terrell Lamar McBride**

Case Number: **2:10CR00577**

Name of Sentencing Judicial Officer: **Honorable Gloria M. Navarro**

Date of Original Sentence: **December 6, 2011**

Original Offense: **1) Armed Bank Robbery; 2) Possession, Use and Carrying Firearm During, in Relation to, and in Furtherance of a Crime of Violence**

Original Sentence: **131 Months prison, followed by 60 Months TSR.**

Date Supervision Commenced: **June 12, 2020**

**PETITIONING THE COURT**

☒ To issue a warrant.

The probation officer believes the offender has violated the following condition(s) of supervision:

1. **Shall Not Commit Crime** - The defendant shall not commit another federal state or local crime.

    On June 30, 2021, McBride committed the offense of Domestic Battery (1st Offense) (Misdemeanor) in violation of N.R.S. 200.485.1a. He was taken into custody by the Las Vegas Metropolitan Police Department and taken to Las Vegas City Jail where he was booked accordingly.

2. **Report Change of Residence or Employment** - The defendant shall notify the probation officer prior to any change in residence or employment.

RE: Terrell Lamar McBride

Prob12C
D/NV Form
Rev. March 2017

During a conversation with the victim of the above-listed offense, Rohana Martin, she indicated that due to trust issues with McBride she made him leave the residence on June 9, 2021. She indicated McBride was staying at another residence since June 9, 2021

**U.S. Probation Officer Recommendation**:

The term of supervision should be:

☒ Revoked

I declare under penalty of perjury that the information contained herein is true and correct,

Executed on **July 2, 2021**

_Kamuela Kapanui_
Digitally signed by Kamuela Kapanui
Date: 2021.07.02 15:50:58 -07'00'

Kamuela K Kapanui
United States Probation Officer

Approved:

_Benjamin Johnson for_
Digitally signed by Ben Johnson
Date: 2021.07.02 12:07:02 -07'00'

Joy Gabonia
Supervisory United States Probation Officer

*THE COURT ORDERS*

☐ No Action.
☒ The issuance of a warrant.
☐ The issuance of a summons.
☐ Other:

_____
Signature of Judicial Officer

July 6, 2021
Date

RE: Terrell Lamar McBride

Prob12C
D/NV Form
Rev. March 2017

## UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEVADA
## UNITED STATES V. TERRELL LAMAR MCBRIDE, 2:10CR00577

### SUMMARY IN SUPPORT OF PETITION FOR WARRANT
### July 2, 2021

On June 30, 2021, McBride committed the offense of Domestic Battery (1st Offense) (Misdemeanor) in violation of N.R.S. 200.485.1a. He was taken into custody by the Las Vegas Metropolitan Police Department and taken to Las Vegas City Jail where he was taken into custody.

According to the Las Vegas Metropolitan Police Department, they were called to a scene of a family disturbance due to Rohana Martin claiming Terrell McBride hit her. The location of the disturbance was 911 North Lamb Boulevard (Shell Gas Station) which was also McBride's place of employment. When officers were on the scene, both Martin and McBride admitted the battery had occurred. McBride then showed officers the surveillance footage of him slapping Martin with his right hand on the left side of her face. Terrel was compliant enough to fill out a suspect voluntary statement as well. Terrell was arrested for the charges listed and transported to Las Vegas City Jail where he was booked accordingly.

On July 1, 2021, our office spoke to Rohana Martin where she indicated she made him leave her residence on June 9 and he was gone until June 23, residing at another residence. After some conversation, she allowed him to return to her residence on June 23, and stayed until June 29, when the DV incident occurred (late night of June 29/early morning of June 30).

Martin advised McBride has no belongings at her residence anymore and does not want to have any contact with him.

Based upon the offender's conduct detailed in this petition, the probation office recommends the issuance of a warrant to initiate revocation proceedings. It is further recommended the offender remain in custody pending revocation proceedings. McBride is currently on supervision for a violent offense with a weapon, where he was in prison for over 10 years. His history of violence commenced from a battery conviction of a person over the age of 65 years old back in 1992. He has well over 10 prior arrests/convictions for crimes of violence including arson, domestic battery, battery, sexual assault, up to murder. Further, his victims included females, a pregnant female (with his own twins), an elderly female, and law enforcement.

RE: Terrell Lamar McBride

Prob12C
D/NV Form
Rev. March 2017

                Respectfully submitted,

                Kamuela Kapanui
                Digitally signed by Kamuela Kapanui
                Date: 2021.07.02 15:56:19 -07'00'

                Kamuela K Kapanui
                United States Probation Officer

Approved:

Benjamin Johnson for
Digitally signed by Ben Johnson
Date: 2021.07.02 12:07:29 -07'00'

Joy Gabonia
Supervisory United States Probation Officer

AO 245B (Rev. 09/11) Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT

District of Nevada

| UNITED STATES OF AMERICA | ) | **JUDGMENT IN A CRIMINAL CASE** |
| --- | --- | --- |
| v. | ) | |
| TERRELL LAMAR MCBRIDE | ) | Case Number: 2:10-CR-577-GMN-RJJ(1) |
| | ) | USM Number: 45537-048 |
| | ) | CHAD BOWERS, CJA |
| | | Defendant's Attorney |

**THE DEFENDANT:**

☑ pleaded guilty to count(s)   1 and 2 of the Superseding Criminal Indictment

☐ pleaded nolo contendere to count(s)
which was accepted by the court.

☐ was found guilty on count(s)
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| **Title & Section** | **Nature of Offense** | **Offense Ended** | **Count** |
| --- | --- | --- | --- |
| 18USC§2113(a) and (b) | Armed Bank Robbery | 11/19/2010 | 1 |
| 18USC§924(c)(1)(A) | Possession, Use, and Carrying Firearm During, in Relation to, and in Furtherance of a Crime of Violence | 11/19/2010 | 2 |

The defendant is sentenced as provided in pages 2 through   6   of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☑ Count(s)   ALL REMAINING   ☐ is   ☑ are   dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

12/6/2011
Date of Imposition of Judgment

Signature of Judge

GLORIA M. NAVARRO        U.S. DISTRICT JUDGE
Name and Title of Judge

December 13, 2011
Date

AO 245B    (Rev. 09/11) Judgment in Criminal Case
Sheet 2 — Imprisonment

Judgment — Page 2 of 6

DEFENDANT: TERRELL LAMAR MCBRIDE
CASE NUMBER: 2:10-CR-577-GMN-RJJ(1)

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

FORTY-SEVEN (47) MONTHS AS TO COUNT ONE;
EIGHTY-FOUR (84) MONTHS AS TO COUNT TWO; TO RUN CONSECUTIVELY, FOR A TERM OF ONE HUNDRED THIRTY-ONE (131) MONTHS.

☑ The court makes the following recommendations to the Bureau of Prisons:

The Court recommends the defendant be permitted to serve his term of incarceration at Florence, Arizona.

☑ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

    ☐ at _____ ☐ a.m. ☐ p.m. on _____.

    ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐ before 2 p.m. on _____.

    ☐ as notified by the United States Marshal.

    ☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

a _____, with a certified copy of this judgment.

UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B    (Rev. 09/11) Judgment in a Criminal Case
        Sheet 3 — Supervised Release

Judgment—Page 3 of 6

DEFENDANT: TERRELL LAMAR MCBRIDE
CASE NUMBER: 2:10-CR-577-GMN-RJJ(1)

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :

THREE (3) YEARS AS TO COUNT 1;
FIVE (5) YEARS AS TO COUNT 2; TO RUN CONCURRENTLY, FOR A TERM OF FIVE (5) YEARS.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court, not to exceed 104 test annually. Revocation is mandatory for refusal.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. *(Check, if applicable.)*

☑ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. *(Check, if applicable.)*

☑ The defendant shall cooperate in the collection of DNA as directed by the probation officer. *(Check, if applicable.)*

☐ The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq*.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. *(Check, if applicable.)*

☐ The defendant shall participate in an approved program for domestic violence. *(Check, if applicable.)*

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

# STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: TERRELL LAMAR MCBRIDE
CASE NUMBER: 2:10-CR-577-GMN-RJJ(1)

# SPECIAL CONDITIONS OF SUPERVISION

1) <u>Possession of Weapons</u> - You shall not possess, have under your control, or have access to any firearm, explosive device, or other dangerous weapons, as defined by federal, state, or local law.

2) <u>Warrantless Search</u> - You shall submit to the search of your person, property, residence or automobile under your control by the probation officer or any other authorized person under the immediate and personal supervision of the probation officer, without a search warrant to ensure compliance with all conditions of release.

3) <u>Substance Abuse Treatment</u> - You shall participate in and successfully complete a substance abuse treatment and/or cognitive based life skills program, which will include drug/alcohol testing and/or outpatient counseling, as approved and directed by the probation office. You shall refrain from the use and possession of beer, wine, liquor, and other forms of intoxicants while participating in substance abuse treatment. Further, you shall be required to contribute to the costs of services for such treatment, as approved and directed by the probation office based upon your ability to pay.

4) <u>Mental Health Treatment</u> - You shall participate in and successfully complete a mental health treatment program, which may include testing, evaluation, and/or outpatient counseling, as approved and directed by the probation office. You shall refrain from the use and possession of beer, wine, liquor, and other forms of intoxicants while participating in mental health treatment. Further, you shall be required to contribute to the costs of services for such treatment, as approved and directed by the probation office based upon your ability to pay.

5) <u>True Name</u> - You shall use your true name at all times and will be prohibited from the use of any aliases, false dates of birth, social security numbers, places of birth, and any other pertinent demographic information.

6) <u>Report to Probation Officer After Release from Custody</u> - You shall report, in person, to the probation office in the district to which you are released within 72 hours of discharge from custody.

7) <u>General Equivalency Diploma</u> - You shall participate in and successfully complete an educational program to earn a General Equivalency Diploma (GED).

Case 2:10-cr-00577-GMN-RJJ Document 121 Filed 07/06/21 Page 10 of 13
Case 2:10-cr-00577-GMN-RJJ Document 61 Filed 12/13/11 Page 5 of 6

AO 245B (Rev. 09/11) Judgment in a Criminal Case
Sheet 5 — Criminal Monetary Penalties

Judgment — Page 5 of 6

DEFENDANT: TERRELL LAMAR MCBRIDE
CASE NUMBER: 2:10-CR-577-GMN-RJJ(1)

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $ 200.00 | $ | $ |

☐ The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
| **TOTALS** | $ 0.00 | $ 0.00 |  |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

   ☐ the interest requirement is waived for the   ☐ fine   ☐ restitution.

   ☐ the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: TERRELL LAMAR MCBRIDE
CASE NUMBER: 2:10-CR-577-GMN-RJJ(1)

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A  ☑ Lump sum payment of $ 200.00 due immediately, balance due

  ☐ not later than _____, or
  ☐ in accordance  ☐ C,  ☐ D,  ☐ E, or  ☐ F below; or

B  ☐ Payment to begin immediately (may be combined with  ☐ C,  ☐ D, or  ☐ F below); or

C  ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D  ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E  ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F  ☐ Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

  Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☑ The defendant shall forfeit the defendant's interest in the following property to the United States:
  ***SEE ATTACHED FINAL ORDER OF FORFEITURE***

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 2:10-CR-577-GMN (RJJ) |
| ) | |
| TERRELL LAMAR MCBRIDE, ) | |
| ) | |
| Defendant. ) | |

**FINAL ORDER OF FORFEITURE**

On September 9, 2011, the United States District Court for the District of Nevada entered a Preliminary Order of Forfeiture pursuant to Fed. R. Crim. P. 32.2(b)(1) and (2); and Title 18, United States Code, Sections 924(d)(1), (2)(C), and (3)(A) and Title 28, United States Code, Section 2461(c), based upon the plea of guilty by defendant TERRELL LAMAR MCBRIDE, to criminal offenses, forfeiting specific property alleged in the Superseding Criminal Indictment and agreed to in the Plea Memorandum and shown by the United States to have the requisite nexus to the offenses to which defendant TERRELL LAMAR MCBRIDE, pled guilty. Docket #21, #49, #50, #51.

This Court finds the United States of America published the notice of the forfeiture in accordance with the law via the official government internet forfeiture site, www.forfeiture.gov, consecutively from September 13, 2011, through October 12, 2011, notifying all third parties of their right to petition the Court. #52.

This Court finds no petitions were filed herein by or on behalf of any person or entity and the time for filing such petitions and claims has expired.

. . .

1  This Court finds no petitions are pending with regard to the assets named herein and the time
2  for presenting such petitions has expired.

3  THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that all right,
4  title, and interest in the property hereinafter described is condemned, forfeited, and vested in the
5  United States of America pursuant to Fed. R. Crim. P. 32.2(b)(4)(A) and (B); Fed. R. Crim. P.
6  32.2(c)(2); Title 18, United States Code, Sections 924(d)(1), (2)(C), and (3)(A) and Title 28, United
7  States Code, Section 2461(c); and Title 21, United States Code, Section 853(n)(7) and shall be
8  disposed of according to law:

9      a)    a Rohm, Model RG38, .38 caliber revolver, serial number FF386537;

10     b)    6 rounds of .38 caliber ammunition; and,

11     c)    any and all ammunition.

12 IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that any and all forfeited
13 funds, including but not limited to, currency, currency equivalents, certificates of deposit, as well as
14 any income derived as a result of the United States of America's management of any property
15 forfeited herein, and the proceeds from the sale of any forfeited property shall be disposed of
16 according to law.

17 The Clerk is hereby directed to send copies of this Order to all counsel of record and three
18 certified copies to the United States Attorney's Office.

19 **DATED** this 7th day of December, 2011.

                                                                         _____
                                                                         Gloria M. Navarro
                                                                         United States District Judge